UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 25-CR-87 |
| v. | |
| | VIOLATION: |
| | 18 U.S.C. § 201 (Bribery) |
| HERBERT BAYLOR, | |
| Defendant. | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

Defendant Herbert Baylor agrees to admit guilt and enter a plea of guilty to Count One of the Information. Count One charges Baylor with Bribery, in violation of 18 U.S.C. § 201(b)(2)(C). Pursuant to Federal Rule of Criminal Procedure 11, the Government and Baylor, with concurrence of his attorney, agree and stipulate as follows:

1. The Correctional Treatment Facility ("CTF") is a correctional institution operated by the District of Columbia Department of Corrections ("DOC"). CTF is a specialized medium security penal institution that houses inmates requiring specialized medical treatment or treatment/monitoring related to substance dependencies. This includes federal detainees awaiting trial, pursuant to a contract with the Bureau of Prisons. The address of CTF is 1901 E Street SE, Washington, District of Columbia.

2. From December 19, 2022, through September 23, 2024, Herbert Baylor was a case manager employed by DOC to assist and manage inmates housed at CTF, to include Inmate-1. Baylor had an office at CTF located on the D1A men's housing unit that contained, among other things, a computer and office phone provided by DOC to Baylor for Baylor's use in carrying out his assigned duties. Baylor's duties and responsibilities included helping with the administrative pre-trial and

1

trial needs of inmates, including logistics for contacting the attorneys and/or social workers of said inmates.

3.      As a DOC employee, Baylor's conduct was governed by the October 21, 2022, DOC Contraband Control policy, which indicates that trafficking contraband of any kind to inmates is strictly prohibited. The policy describes any illegal drug or controlled substance and any tobacco product as major contraband. Additionally, 18 U.S.C. 1791 makes it a crime to provide "prohibited objects" to an inmate of a prison and defines "prohibited objects" to include any controlled substance or "any object that threats the order, discipline, or security of a prison, or the life, health, or safety of any individual." Baylor was trained on this policy.

4.      Inmate-1 had been detained at DOC since approximately July 2022. Inmate-1 had been housed at CTF in the D1A housing unit from approximately February 2023 until June 26, 2024, when Inmate-1 was transferred to CDF from CTF for disciplinary reasons due to the discovery of a contraband cellular phone. On August 28, 2024, Inmate-1 was transferred back to the CTF D1A housing unit from CDF and remained there until September 23, 2024. During Inmate-1's time in the D1A housing unit, Baylor worked as Inmate-1's case worker.

5.      Beginning in October 2023, Herbert Baylor agreed with Inmate-1 and others to smuggle contraband into CTF in exchange for money. Specifically, Inmate-1 would direct his associates who were not incarcerated to send payments to Herbert Baylor over the peer-to-peer payment application CashApp. Baylor would then hide cigarettes he had purchased himself or controlled substances received from Inmate-1's associates on his person and go through security at CTF. Once through security, Baylor would bring Inmate-1 to his office and provide him with the contraband. Inmate-1 would then distribute the contraband to other inmates at CTF in exchange for money. As part of this scheme, Baylor received $6,245 between October 20, 2023, and June 21, 2024,

from Inmate-1's associates.

6. On September 19, 2024, Inmate-1 asked Baylor if Inmate-1 could call his attorney to talk about an appeal. Baylor authorized him to do so. But instead of calling an attorney, Inmate-1 called Individual-1 to set up the delivery of prohibited objects to be smuggled into CTF. On that call, Baylor agreed to meet Individual-1 in the parking lot of CTF on the morning of September 23, 2024, to receive Suboxone strips to smuggle into CTF for Inmate-1. Suboxone strips contain Buprenorphine—a Schedule III narcotic drug.

7. On September 23, 2024, Baylor met Individual-1 in the parking lot of CTF. Baylor accepted $1,000 in cash from Individual-1 and received a cigarette carton Baylor believed to be filled with Suboxone strips. Following the meeting with Individual-1, Baylor placed the $1,000 in his personal vehicle. He then put the cigarette carton inside his underwear. He went through security at the entrance to CTF and entered the facility. At that time, he was arrested.

Respectfully Submitted

Edward R. Martin, Jr.
United States Attorney

BY:   /s/ Joshua Gold
      Joshua A. Gold
      Assistant United States Attorney

## DEFENDANT BAYLOR'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to the Information in this case, charging me with Bribery, in violation of 18 U.S.C. § 201(b)(2). I have discussed this proffer fully with my attorney, Steve Brennwald. I fully understand this proffer and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 4-21-2025

Herbert Baylor

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 4/21/25

Steve Brennwald, Esq.
Counsel for Defendant

4